IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | CRIMINAL ACTION |
| v. : | |
| : | NO. 10-0693 |
| LUIS A. GONZALEZ : | |

**SURRICK, J.**  **NOVEMBER 29, 2010**

## MEMORANDUM

Presently before the Court is Defendant's Motion for Revocation of Magistrate Judge's Order to Detain Petitioner (ECF No. 11). For the following reasons, Defendant's Motion will be granted.

## I. BACKGROUND

It is alleged that in August 2010, Defendant Luis A. Gonzalez met with a confidential informant and spoke with him on the telephone on various occasions. They arranged for Defendant to provide the confidential informant with a vehicle that contained a hidden compartment. Defendant was to purchase ten kilograms of cocaine that the confidential informant would hide in the vehicle. On September 23, 2010, the confidential informant with the assistance of federal agents placed sham cocaine in the hidden compartment of the vehicle. Defendant and the confidential informant met at a pre-arranged location. As Defendant took possession of the vehicle, he was arrested by federal agents who observed the entire encounter.

On September 24, 2010, the Government filed a criminal complaint against Defendant. On October 6, 2010, a detention hearing was held pursuant to 18 U.S.C. § 3142(f). Magistrate

Judge Henry S. Perkin found that Defendant posed a danger to the community and ordered his pretrial detention. Magistrate Judge Perkin also concluded that there were steps that could be taken to assure Defendant's appearance at trial. In reaching his conclusions, Judge Perkin characterized this as a very difficult case. On October 21, 2010, a federal grand jury indicted Defendant on one count of attempt to possess with intent to distribute five kilograms or more of cocaine in violation of 21 U.S.C. § 846.

Defendant contends that the Magistrate Judge erred in concluding that he posed a danger to the community. We held a hearing on November 16, 2010.

## II. LEGAL STANDARD

We review a magistrate judge's pretrial detention determination de novo. *United States v. Delker*, 757 F.2d 1390, 1395 (3d Cir. 1985). The Bail Reform Act authorizes a judicial officer to detain a defendant pending trial upon a finding that "no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community." 18 U.S.C. § 3142(e); *United States v. Perry*, 788 F.2d 100, 106 (3d Cir. 1986). In determining whether a defendant is dangerous or poses a risk of flight, we are guided by the following statutory factors:

> (1) the nature and circumstances of the offense charged, including whether the offense is a crime of violence, a Federal crime of terrorism, or involves a minor victim or a controlled substance, firearm, explosive, or destructive device;
> (2) the weight of the evidence against the person;
> (3) the history and characteristics of the person, including:
> > (A) the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and
> > (B) whether, at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or

>    completion of sentence for an offense under Federal, State, or local law; and
> (4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release.

§ 3142(g).

The Act creates a presumption that no condition or combination of conditions will reasonably assure the appearance as required and the safety of the community if the judicial officer finds that there is probable cause to believe that the person committed an offense for which a maximum term of imprisonment of tens years or more is prescribed in the Controlled Substances Act, 21 U.S.C. § 801, *et seq.* § 3142(e); *United States v. Strong*, 775 F.2d 504, 506-07 (3d Cir. 1985). The defendant may rebut this presumption by producing evidence to the contrary. If the defendant does rebut the presumption, the government must then convince the court by a preponderance of the evidence that the defendant is a flight risk or must prove by clear and convincing evidence that no condition or combination of conditions will reasonably assure the safety of the community. *See United States v. Thomas*, No. 08-0020, 2008 WL 2557997, at *2 (D.V.I. June 23, 2008) (citing *United States v. Himler*, 797 F.2d 156, 160-61 (3d Cir. 1986)); *see also* § 3142(f).

**III. DISCUSSION**

Defendant is charged with a narcotics offense for which there is a mandatory minimum imprisonment of ten years with a maximum of life. In addition, there is probable cause to believe that Defendant committed the charged offense. Indeed, the case against Defendant appears to be strong. A confidential informant is prepared to testify against Defendant at trial. The Government has transcripts of incriminating telephone conversations between Defendant and the

3

confidential informant. Several of these transcripts were offered into evidence at the hearing.[1] Federal agents also conducted physical surveillance of Defendant's various meetings with the confidential informant. The agents observed Defendant take possession of the vehicle that contained the sham cocaine that had been put there by the agents. One of Defendant's co-conspirators apprised the Government of Defendant's role in the transaction. In addition to the sham cocaine, federal agents found razors, small baggies, and 16.7 grams of cocaine in the hidden compartment of the vehicle that was provided by Defendant.

The statutory presumption of pretrial detention is triggered here because the facts establish probable cause to believe Defendant committed an offense for which the maximum imprisonment is ten years or more under the Controlled Substances Act. § 3142(e). We must review the § 3142(g) factors in deciding whether Defendant has rebutted the presumption that no condition or combination of conditions will reasonably assure Defendant's appearance or the safety of the community.

Defendant produced evidence that establish that he is 44 years old and a United States citizen of Puerto Rican descent. He has lived in Philadelphia almost his entire life. Defendant has three children, to whom he continues to provide support. Defendant's mother, his two brothers, and two of his children live in Philadelphia. Defendant graduated from Mastbaum High School and has worked his entire adult life in various automotive businesses in the Philadelphia area. Defendant founded and runs the business known as Car 1 Towing. He is an elite velodrome sprint cyclist who takes great pride in being physically fit. Defendant has never been

---

[1] Interestingly, a review of those transcripts reveals that the confidential informant dominated most of the conversations.

convicted of a crime. He does have one prior arrest that was not drug related and did not involve a crime of violence. At the time of the instant arrest, Defendant lawfully owned four firearms each of which was properly registered.

Defendant presented two witnesses. The witnesses appeared at the hearing before Magistrate Judge Perkin and this testimony was made a part of the record of the November 16, 2010 hearing. Defendant's brother, Juan Velez, testified to Defendant's recent financial difficulties, which arose in 2009, precipitated in part, by the economic recession. Defendant asked Velez and their mother for loans to support his struggling towing business. Velez also testified that Defendant has never used controlled substances and does not consume alcohol. Velez offered to put up his property, which had an appraisal value of 66,000 dollars, for Defendant's bail. Velez also advised that his mother would post her property, which was appraised at 99,000 dollars. Both properties are clear of debt. Although Defendant lives alone, if he is released on bail, he can live with his mother. Defendant's cycling trainer and friend, Dr. Robert Livingston, also testified with regard to Defendant's good character. Defendant's brother and Dr. Livingston both expressed shock at the thought that Defendant was involved in a narcotics offense indicating that this was uncharacteristic behavior. Defendant also presented a number of letters from family members and friends. These letters paint a picture of a decent, hardworking individual who has been a positive role model and a good and caring father, uncle and friend. The letters universally register surprise that Defendant would have engaged in this kind of conduct.

The Government maintains that Defendant is both a flight risk and a danger to the community. The Government argues that Defendant has an incentive to flee because he does not

have strong community ties and because he faces a significant period of incarceration if convicted. It contends that Defendant is a danger to society because he committed this offense and is therefore likely to traffic in illicit drugs if released. The Government relies almost entirely on the fact that it has a strong case against Defendant arguing essentially that Congress intended that in circumstances such as this, the presumption of detention should control. The Government argues that the testimony of Dr. Livingston, Defendant's brother, and the letters are not sufficient to rebut the dangerousness presumption or to establish that Defendant is not a risk of flight.

Defendant argues that he is not a flight risk or a danger to the community. He points to the fact that he has strong ties to the Philadelphia community, where he has lived most of his life and where most of his family resides. He argues that he has never been in trouble before, that he has been a productive member of society and although the evidence against him appears to be strong, the circumstance in which he finds himself is a result of the fact that he had financial difficulties, not because he is a big time drug dealer. He claims that this was a one-shot deal and that the record reveals that he was a rank amateur in the world of illegal drugs. Finally, Defendant argues that based upon the record and the facts and circumstances of this drug transaction, if he enters a plea of guilty in this matter, he may be eligible for a departure from the mandatory minimum and a reduction of his sentence under § 5C1.2 of the Sentencing Guidelines, the safety valve provision.

We are satisfied that Defendant has met the burden of producing evidence that rebuts the presumption of dangerousness. We also agree with the Magistrate Judge that conditions of release can be fashioned that will assure Defendant's appearance at trial. The nature of the offense charged and the weight of the evidence against Defendant certainly favor detention. We

find, however, that the remaining factors counsel against detention. Defendant has no prior convictions. His one arrest that resulted in dismissal of the charges did not involve drugs or violence. The evidence presented at the hearing suggests that Defendant has been a productive member of society who has ties to the Philadelphia community. The Government presented no compelling evidence that Defendant has had prior involvement in the illegal drug trade. He has no history of drug or alcohol abuse. He has resided in Philadelphia for almost all of his life and has family living in the area. His mother and brother have both expressed their willingness to post their houses for Defendant's bail and he can live with his mother.

There is no clear and convincing evidence that Defendant is a danger to the community. In fact, with the exception of this offense, Defendant's history and characteristics, as well as the manner of his participation in this case, indicate that he is not an experienced drug dealer and will not be a danger to the community if released. We are also persuaded that there are conditions, including Defendant living with his mother and electronic home confinement, that will reasonably assure that Defendant will appear at trial as required.

## IV. CONCLUSION

For all of these reasons, Defendant's Motion will be granted.

An appropriate Order follows.

**BY THE COURT:**

*/s/ R. Barclay Surrick*
**U.S. District Judge**
